# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50983
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2026

Lyle W. Cayce
Clerk

U.S. Bank Trust National Association, *as Trustee of* the Tiki Series IV Trust,

*Plaintiff—Appellee*,

*versus*

Jerry K. Walden, Jr., *also known as* Jerry K. Walden; Tamatha Walden,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-1188

_____

Before Haynes, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jerry and Tamatha Walden appeal a judgment that authorized U.S. Bank's foreclosure on their property. We affirm.

For most of their arguments, the Waldens cite no relevant legal authority to support their claimed errors. To comply with Federal Rule of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50983

Appellate Procedure 28(a)(8)(A), "[t]he appellant's brief must contain . . . [their] contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." And any party "who inadequately briefs an issue" forfeits it. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Save for one issue, the Waldens cite cases from inapposite contexts and constitutional provisions which have little to do with the issues they purport to raise. Where the Waldens fail to support their arguments with relevant legal authority, they forfeit the issue.

The one position that the Waldens support with relevant authority is that the district court issued relief that violated the party presentation principle when it recognized that the September 2023 foreclosure sale was proper. But U.S. Bank argued in its supplemental brief that it was already entitled to a second order authorizing foreclosure. Indeed, this was the issue that our court directed the district court to address on remand in a previous appeal. *See U.S. Bank Tr. Nat'l Ass'n v. Walden*, 124 F.4th 314, 324 (5th Cir. 2024). The district court granted U.S. Bank's requested relief, holding that it was entitled to foreclose on the property. In other words, U.S. Bank asked for relief and got it. Seeing no violation of the party presentation principle, we AFFIRM.